907 F.2d 1138
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gwendolyn C. HARKNESS, Plaintiff-Appellee,
v.
Charles Merrill MOUNT, Defendant-Appellant.
 No. 90-6806.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 4, 1990.
Decided June 14, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (C/A No. 90-177-A)
 Charles Merrill Mount, appellant pro se.
 E.D.Va.
 DISMISSED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Mount, a defendant in a state court action which was filed in 1982 and "revived"* in 1989, removed the case to the district court in 1989 pursuant to 28 U.S.C. Sec. 1446(b). The district court remanded the case, finding that removal was improvident in that the petition for removal was not timely filed. Mount appealed the remand.
 
 
 2
 This Court held in Wilkins v. Rogers, 581 F.2d 399, 403 (4th Cir.1978), that a district court could properly remand an action to state court under 28 U.S.C. Sec. 1447(c) if it finds that removal was improvident because it was not timely filed. A remand under Sec. 1447(c) is not reviewable on appeal or otherwise. 28 U.S.C. Sec. 1447(d); Wilkins v. Rogers, 581 F.2d at 403. Therefore, the district court's remand of this action for failure to timely file a notice of removal is not appealable.
 
 
 3
 We dismiss the appeal for lack of jurisdiction. We disense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 4
 DISMISSED.
 
 
 
 *
 It is not clear from the record whether the case was reopened in 1989, or whether it had been pending in state court since 1982; the only information provided by Mount in his notice of removal was that the case was "revived."